IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Roland Ma<br>　　　　　Complainant,<br><br>v.<br><br><br>Gallery Belltown Condo. Ass'n<br><br>CWD Group, Inc.<br><br>McKinstry Co., LLC<br>　　　　　Respondent. | CASE NO.  2:21-mc-0015-JCC<br><br>**COMPLAINT OF HOUSING DISCRIMINATION** |

THE PARTIES TO THIS COMPLAINT

1. **Complainants:**

    Roland Ma
    2911 2nd Ave., Unit 515
    Seattle, WA 98121

2. **Complainant Representatives:**

    None

3. **Other Aggrieved Parties:**

    None

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 1

4. **The following is alleged to have occurred or is about to occur:**

- Otherwise deny or make housing unavailable
- Discriminatory terms, conditions, privileges, or services and facilities
- Discriminatory acts under Section 818 (coercion, Etc.)
- Failure to make reasonable accommodation

5. **The alleged violation occurred because of:**

- Disability

6. **Address and location of the property in question (or if no property is involved, the city and state where the discrimination occurred):**

Gallery Condominiums
2911 2nd Ave., Unit 515
Seattle, WA 98121

7. **Respondents:**
Mike Hilfer
The CWD Group, Inc.
2800 Thorndyke Ave. W
Seattle, WA 98199

The CWD Group, Inc.
2800 Thorndyke Ave. W
Seattle, WA 98199

**Registered Agent for The CWD Group, Inc.**
Marshall Johnson
2800 Thorndyke Ave. W
Seattle, WA 98199

Gallery Belltown Condominium Association
2800 Thornedyke Ave. W
Seattle, WA 98199

**Registered Agent for Gallery Belltown Condominium Association**
The CWD Group, Inc.
2800 Thorndyke Ave. W
Seattle, WA

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 2

**8.     The following is a brief and concise statement of the facts regarding the alleged violation:**

Complainant Roland Ma has been residing subject property at 2911 2nd Avenue, Unit 515, Seattle, Washington 98121 in June 11, 2011. The subject unit is part of Respondent Gallery Belltown Condominium Association and is managed by Respondent CWD Group. Respondent Mike Hilfer is the Community Manager working for CWD Group. Complainant Ma has a mental/emotional and physical disability, that has been confirmed by the Court.

On March 5, 2021, Complainant Ma made two reasonable modification requests via email to Respondent CWD Group.  On March 8, 2021, Complainant Ma made additional reasonable accommodation requests via email to Respondent CWD Group, allowing him to be treated same as other neightbours, by allowing the caregiver funded by Medicaid entering the building without Complainant Ma personally escort her to his unit.  On April 2, 2021, Respondent Hilfer provided Complainant Ma with verbal confirmation agreeing to both reasonable modification requests, but denied in part as the Board made the decision that Complainant Ma cannot have any contractors.

On April 14, 2021, Complainant made a reasonable accommodation request via email to get a handicap parking to Respondent CWD Group. Complainant Ma also made a reasonable accommodation request to allow medication to be delivered to the front door of the subject unit instead of the building lobby.  Complainant Ma states to access the subject unit, one has to go through the building lobby and common area.  At the time, the policy set by Respondent Gallery Belltown Condominium Association was all deliveries would only be made to the building lobby.

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 3

Complainant Ma provided medical documentation for both reasonable accommodation requests. Complainant Ma believes Respondent CWD Group forwarded the requests to Respondent Gallery Belltown Condominium Association. On May 12, 2021, Respondent CWD Group denied Complainant's reasonable accommodation requests on May 12, 2021 in writing. Complainant believes Respondents denied his reasonable accommodation requests.

On May 17, 2021, Respondent Gallery Belltown Condominium Association filed a Ex-Parte Temporary Restraining Order against Complainant Ma which required him to cease the reasonable modifications to Unit 515, which were verbally approved on April 2, 2021, and with an active permit issued by Seattle Department of Construction & Inspections (SDCI). On May 17, 2021, Complainant Ma was ejected from the subject unit by the police, by breaking down his door at 11:03p.m. The Ex-Parte Temporary Restraining Order prohibited Complainant Ma to live in the subject residence while electrical work was being done by McKinstry Co., LLC. Respondents stated the electrical work was to fix Complainant Ma's own modification work which Respondents felt did not meet compliance standards.  Complainant Ma felt the Ex-Parte Temporary Restraining Order was not necessary for public safety and was retaliatory for making a reasonable accommodation request on April 14, 2021.

| Date | Contractor | Time In | Time Out | Hours |
|---|---|---|---|---|
| 6/1/2021 | Huey Ford | 10:01 AM | 3:58 PM | 5 hr 59 mins |
| 6/3/2021 | Bill | 12:14 PM | 3:35 PM | 3 hr 21 mins |
| 6/7/2021 | Josh | 11:58 AM | 2:16 PM | 2 hr 14 mins |
| 6/8/2021 | Huey Ford | 9:12 AM | 9:38 AM | 26 mins |
| 6/11/2021 | Joe | 1:20 PM | 1:35 PM | 15 mins |
| 6/15/2021 | Bill | 10:18 AM | 1:33 PM | 3 hr 15 mins |
| 6/16/2021 | Bill | 10:41 AM | 2:27 PM | 4 hr 14 mins |
| 6/17/2021 | Bill | 7:19 AM | 12:15 PM | 4 hr 56 mins |
| 6/29/2021 | Bill | 2:21 PM | 2:44 PM | 23 mins |
| 7/8/2021 | Bill | 9:01 AM | 4:11 PM | 7 hr 12 mins |
| 7/15/2021 | Matt | 8:43 AM | 9:22 PM | 1 hr 5 mins |
| 8/6/2021 | Joshua Strange | 1:03 PM | 2:06 PM | 1 hr 3 mins |
|  |  |  | Total | 57.48 HRS |

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 4

On June 28, 2021, Respondent Gallery Belltown Condominium Association filed a Preliminary Injunction in King County Superior Court which prohibited Complainant Ma to interfere with electrical work being done on Unit 515. In addition, the Preliminary Injunction prohibited Complainant Ma from residing at the subject property until electrical work was completed and Respondents alerted Complainant he can return. On August 28, 2021, Complainant Ma stated no electrical work has been done in the subject property by Respondents since he was ejected from his home and since Respondent Gallery Belltown Condominium Association successfully obtained Preliminary Injunction. Complainant Ma believes Respondents are purposely delaying the electrical work to keep Complainant Ma out of the subject unit. Complainant Ma believes Respondents are retaliating against his reasonable accommodation requests made on April 14, 2021. Complainant Ma states he is not allowed back in the building or the subject property and because the Board knows he has a handicap permit issued by the State, Complainant Ma states he is not even allowed to park in his assigned parking spot anymore while the contractors are supposed to be doing electrical work in the subject property. Complainant Ma believes this is also retaliation for making reasonable accommodation requests on April 14, 2021.

Complainant Roland Ma believes he has been discriminated against based on disability, With no lawful order, Mr. Ma was wrongfully ejected from his unit, now nearly four months, the new mandate for COVID restrictions were ignored, and Gallery disregarded any detainer law in which is a violation under the Fair Housing Act as amended by the Fair Housing Amendments Act of 1988. RCW 59.12 and 59.18, or ejectment procedure in RCW 7.28. The irony is Complainant Ma maintains the work he did on the electrical panel was legal and properly performed. He obtained a permit from Seattle Department of Construction & Inspections before starting and believed he followed the rules. McKinstry Co. LLC, Gallery's contractor, advised four days

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 5

four days are necessary for the repairs, in accordance to email exchange with the City released via Public Records Act.

The treatment Complainant Ma has received from Gallery is unjustified, and without support of the law. Complainant Ma is entitled to return to his home immediately.

**9.    The most recent date on which the alleged discrimination occurred:**

June 28, 2021

**10.   Types of Federal Funding Identified:**

Not related to his housing.

**11.   The acts alleged in this complaint, if proven, may constitute a violation of the following sections:**

818, 804f1, 804f2, and 804f3B of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988.

## STATEMENT OF SECURITY BOND

Since the State trial court did not require respondent to post a surety bond, as CR65(c) stated that: "...Except as otherwise provided by statute, no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." When the Court decided no surety bond is required:

Complaint is required to:

☐    no injunction bond is required.

☐    provide a bond payable to the clerk of court in the amount of $_____ *(value)*, which the court has deemed proper and which is conditioned upon compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 6

**RELIEF**

The complaint requests that:

1. Each respondent be restrained from instituting any action against the complaint for recovery of the property or any part of it.
2. That the complaint be discharged from all liability, including both parties may not seek punitive damages
3. The complaint recover costs and reasonable attorney's fees.
4. The court may grant any further relief as may be just and proper under the circumstances of this case.

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

DATED: 8/30/2021

DocuSigned by:
*rolandra*
47DDFB60AC0D437...

COMPLAINT OF HOUSING DISCRIMINATION AND DECLARATORY RELIEF - 7