THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROLAND MA,

     Plaintiff,

  v.

GALLERY BELLTOWN CONDOMINIUM
ASSOCIATION, *et al.*,

     Defendants.

CASE NO. MC21-0015-JCC

ORDER

   This matter comes before the Court on Roland Ma's proposed complaint, declaration, and application to proceed *in forma pauperis* (Dkt. No. 3), filed with the Court for screening pursuant to the Court's previous vexatious litigant order. (*See* Dkt. No. 1.) For the reasons described below, the Court FINDS that Mr. Ma has failed to show cause why the Court should consider his proposed complaint and DIRECTS the Clerk to terminate Mr. Ma's application to proceed *in forma pauperis*.

   While Plaintiff's factual allegations are not entirely clear, it appears that Mr. Ma seeks to bring suit against Gallery Belltown Condominium Association and related entities for alleged acts of housing discrimination. (*See generally* Dkt. No. 3-1.) Specifically, Mr. Ma seeks to challenge an *ex parte* temporary restraining order and preliminary injunction granted by the King County Superior Court pursuant to Gallery Belltown Condominium's complaint. (*Id.*) According

ORDER
MC21-0015-JCC
PAGE - 1

to his proposed complaint, those orders barred Mr. Ma from occupying a residential unit controlled by Gallery Belltown until it could complete electrical work to allegedly repair work previously done or authorized by Mr. Ma. (*Id.*)

As a threshold matter, once a proposed complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous for section 1915 purposes when there is no subject matter jurisdiction. *See Castillo v. Marshall*, 107 F.3d 15, 15 (9th Cir. 1997). The Court also has an independent obligation to address whether it has subject matter jurisdiction over a lawsuit. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The Court liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

The Court cannot exercise subject matter jurisdiction over Mr. Ma's proposed lawsuit. The Supreme Court has identified a strong public policy against federal intervention in pending state judicial proceedings in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from exercising jurisdiction over claims for injunctive or declaratory relief that would interfere with certain pending state proceedings. *Gilbertson*, at 381 F.3d at 968.

Specifically, *Younger* abstention is appropriate when (1) a state court proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves. *City of San Jose*, 546 F.3d at 1091. Except

in the case of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," district courts must abstain if the elements of the *Younger* abstention doctrine are satisfied. *Id.* at 1092 (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

*Younger* abstention is warranted in this case. First, Mr. Ma's proposed claims involve an ongoing matter currently before the King County Superior Court. Second, that proceeding involves important state interests. Third, Mr. Ma does not suggest that state court procedures prevent him from raising his federal challenges in the state proceeding. Fourth, Mr. Ma's proposed action in this Court would directly interfere with the state case in a way that *Younger* abstention counsels against. *Younger*, 401 U.S. 37, 43–45. Finally, Mr. Ma's allegations do not give rise to an inference of bad faith, harassment, or any other extraordinary circumstance that would render abstention inappropriate.

Accordingly, the Court DECLINES to exercise subject matter jurisdiction over Mr. Ma's proposed claims and DIRECTS the Clerk to terminate Mr. Ma's application to proceed *in forma pauperis* and to send a copy of this order to Mr. Ma.

DATED this 31st day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
MC21-0015-JCC
PAGE - 3